IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YIGAL LELAH AND TRACY LELAH, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-cv-1266-E |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant the United States of America's motion to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction (Doc No. 4). Plaintiffs did not file a response to the motion. For reasons that follow, the Court grants the motion to dismiss.

The complaint filed by Plaintiffs Yigal Lelah and Tracy Lelah, which is just two pages long, alleges that their cause of action is based on 26 U.S.C. § 7422, which provides for suits to recover any internal revenue tax erroneously or illegally assessed or collected. Plaintiffs allege their net operating losses for the tax periods ending on December 31 of the years 2011 through 2014 should be allowed as a claim and as a deduction for the tax period ending December 31, 2015. They assert the United States disallowed their claim for credit in May of 2018. They further allege they requested an administrative appeal, but the United States foreclosed their administrative appeal rights without procedural due process.

The United States has moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. It alleges Plaintiffs' complaint fails to establish the Court's jurisdiction over their claims. In evaluating this facial attack on the complaint, the allegations in

1

the complaint are presumed to be true and the Court looks merely to see if Plaintiffs have sufficiently alleged a basis of subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

"The United States, as sovereign, is immune from suit save as it consents to be sued." *Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The United States has consented to be sued for "erroneously and illegally assessed or collected" taxes. *Id.*; *see* 28 U.S.C. § 1346(a)(1). Section 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions. *United States v. Dalm*, 494 U.S. 596, 601 (1990); *see Schaeffler*, 889 F.3d at 242. Before a taxpayer can bring a refund suit, he or she must first fully pay the assessed tax, file an administrative claim for refund with the Internal Revenue Service, and wait until either the IRS denies the claim or six months have expired since filing the administrative claim. *Fletcher v. United States*, 452 F. App'x 547, 552 (5th Cir. 2011). In addition, the administrative claim for refund must be filed within the time limitations established by the Internal Revenue Code. *Duffie v. United States*, 600 F.3d 362, 384 (5th Cir. 2010). Generally, a claim for refund must be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever is later. *Id.*; *see* 26 U.S.C. § 6511(a).

The United States argues the Court lacks jurisdiction over Plaintiffs' complaint because Plaintiffs do not allege that they paid the assessed tax in full and because they have not alleged facts sufficient to show they made a timely and proper claim for a refund. The Court agrees. Plaintiffs do not allege that they fully paid the assessed tax. Also, although they reference the denial of a claim for credit for the tax period that ended on December 31, 2015, there are no allegations from which the Court can conclude that Plaintiffs' claim was timely and properly filed.

Accordingly, the Court grants the motion to dismiss and dismisses Plaintiffs' complaint without prejudice.

**SO ORDERED.**

Signed November 4, 2020.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE